IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNAS ORTIZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civ. No. 10-920-SLR ) |
| PHIL MORGAN, Warden, et. al., | ) ) ) |
| Respondents. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this \15th day of December, 2010, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Johnas Ortiz's ("petitioner") pro se application for habeas relief (D.I.1; D.I. 4) is **DISMISSED** without prejudice to any right petitioner may have to reassert his present claims in a properly filed civil rights complaint, for the reasons that follow:

**1. Background.** In October 2010, petitioner filed the instant habeas application challenging the Delaware Bureau of Prisons Institutional Release Classification Board's ("IRCB") September 21, 2010 decision to "not recommend" work release. (D.I. 1)

**2. Standard of Review**. A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A habeas corpus petition may be brought by a petitioner who seeks to challenge either the fact or duration of his confinement in prison,[1] and habeas relief is only available where the

---

[1] *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).

"deprivation of rights is such that it necessarily impacts the fact or length of detention." *Learner v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

3. **Discussion**. The Delaware Superior Court sentenced petitioner for a violation of probation on July 14, 2010. (D.I. 1, ¶ 1) According to petitioner, he was informed on August 25, 2010 that he was "eligible for minimum/work release status, based on his institutional record and classification point system, and [that] he would be recommended for work release at the classification/Multidisciplinary Team Board ("MDT Board"). Petitioner asserts that the MDT Board approved him for work release, but that the "final board", the IRCB, denied work release on September 21, 2010 due to petitioner's "recent failure and prior criminal history." *Id.* at ¶ 3.

4. Petitioner appealed the IRCB's decision to the Chief of the Prisons Bureau who, on October 7, 2010, informed petitioner that he "concurred" with the IRCB's decision. The Chief also informed petitioner that he has no further appeal of that decision. *Id.* at p. 8.

5. Having reviewed the face of the instant application, the court concludes that summary dismissal is appropriate because petitioner's challenge to the IRCB decision does not present an issue cognizable on federal habeas review. Petitioner does not challenge the VOP proceeding, nor does he contend that the VOP sentence exceeds the time remaining on his previously suspended sentence. If petitioner's instant claim were to succeed, he would only be entitled to serve his sentence in a different location (work release); he would not be entitled to an immediate or speedier release. As such, petitioner is actually challenging a condition of his custody, not the fact or length of his custody, and habeas relief is unavailable. *See, e.g., Beckley v. Minor*, 2005 WL

2

256047 (3d Cir. Feb. 3, 2005)("where the relief sought 'would not alter [petitioner's] sentence or undue his conviction,'" district court does not have habeas jurisdiction)(not precedential); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 462 (3d Cir. 1996); *Oberly v. Kearney*, 2000 WL 1876439, *2 (D. Del. Dec. 15, 2000)(finding that a claim alleging petitioner is entitled to work release or home furlough is properly characterized as a § 1983 claim and not a § 2254 claim).

6. The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the clerk of the court shall close the case and mail a copy of this order to petitioner at his address of record and to respondents.

_____
UNITED STATES DISTRICT JUDGE